a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUKNER BLANC, Petitioner | CIVIL DOCKET NO. 1:19-CV-731-P |
| VERSUS | JUDGE DRELL |
| WARDEN CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Lukner Blanc (#06662-104) ("Blanc"). Blanc is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Blanc challenges the computation of his sentence by the BOP.

Because Blanc has received all the sentencing credit to which he is entitled, his § 2241 Petition (Doc. 1) should be DENIED.

I. **Background**

Blanc was arrested by Florida authorities on state charges in 2012. (Doc. 1-2, p. 5). He was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on August 21, 2014. (Doc. 1-2, p. 9; 9:14-cr-80114, S.D. Fla.; Docs. 15, 29).

Blanc was convicted in federal court of conspiracy to steal government funds, stealing government funds, wire fraud, and aggravated identity theft. United States v. Placide, 686 F. App'x 803, 805 (11th Cir. 2017), cert. denied sub nom. Blanc v.

United States, 138 S.Ct. 458; 199 L.Ed.2d 337 (2017). Blanc was sentenced to a total term of 192 months of imprisonment. (9:14-cr-80114, S.D. Fla.; Doc. 354). Following sentencing, Blanc was returned to Florida authorities. (Doc. 1-2, p. 9).

On March 1, 2018, Blanc was sentenced to concurrent five-year and 1,949-days state terms of imprisonment, with credit for all time spent in custody. (Doc. 1-2, p. 5). The state sentences were, effectively, "time served" sentences. (Doc. 1-2, p. 5).

Blanc filed a request for *nunc pro tunc* designation with the BOP. Blanc was advised that the BOP would "seek the position of the federal sentencing court" and, "should the court order, recommend, or otherwise indicate the federal term is to operate concurrently with the state term," the sentence computation would be updated accordingly. (Doc. 1-2, p. 10).

## II. Law and Analysis

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. See U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent regarding whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 F. App'x 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). At the time of Blanc's sentencing, the federal court did not

order his federal sentence to run concurrently with the future state sentence. (9:14-cr-80114, S.D. Fla.; Doc. 354). Therefore, the sentences are presumed to run consecutively. Moreover, Blanc filed a motion in the sentencing court requesting a *nunc pro tunc* or concurrent designation of his sentence. (9:14-cr-80114, S.D. Fla.; Doc. 414). The motion was denied. (9:14-cr-80114, S.D. Fla.; Doc. 415).

A federal prison sentence generally begins on the date the defendant is received into custody. See 18 U.S.C. § 3585(a). Blanc was in the primary custody of the State of Florida due to his 2012 arrest. He was temporarily transferred to federal authorities pursuant to a writ of habeas corpus ad prosequendum. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (a writ of habeas corpus ad prosequendum only constitutes a "loan" of the prisoner to another jurisdiction). Therefore, the BOP determined Blanc's sentence commenced after his state sentencing, when he was transferred from the State of Florida to federal authorities.

A prisoner shall only be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, if it has not been credited against another sentence. See 18 U.S.C. § 3585(b). Because the time spent in primary state custody was credited toward the state sentences, Blanc cannot also receive that credit toward his consecutive federal sentence.

Based on the documents provided by Blanc, the BOP has given "full and fair consideration" to his request, which is all that the BOP is required to do. See McCarthy v. Doe, 146 F.3d 118, 122 (2d Cir. 1998); see also Program Statement

5160.05 (stating that, although the BOP must consider an inmate's request for *nunc pro tunc* designation under Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990), there is no obligation for the BOP to grant the request).

### III. Conclusion

Because Blanc has received all the sentencing credit and consideration to which he is entitled, his § 2241 Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  19th  day of July 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE